May I please reserve five minutes for rebuttal? Please. Okay. Thank you. You have a lot to argue about, but go ahead. Good morning, Your Honors. My name is Terry Law, and I represent the petitioner in this case, Mr. Christopher Demorest. May it please the Court, Your Honors. The judgment of the district court in this case, Your Honors, dismissing or denying the habeas petition here, should be reversed by this Court. Are you prepared to address the jurisdictional court the timing question that we asked you to address regarding the appeal? Certainly, Your Honors. Your Honor, the issue raised by the Court and that counsel has been asked to address, as the Court is aware, obviously, is the effect of the Eberhardt, the Supreme Court's Eberhardt decision on this case. Specifically, petitioner's notice of appeal was filed prior to the district court's entry of judgment as well as the district court's order adopting the report and recommendation by the magistrate judge here. So it was premature, and petitioner concedes that, in fact, it was premature under the rules. And the line of cases, one of which was cited by the Court in its order, I believe it's pronounced serene case, and the cases prior to that held that the appellate court lacks jurisdiction over an appeal where there has been a premature filing of a notice of appeal, specifically in the context of a habeas petition holding that because there is action that must be taken by the district court prior to entry of judgment, specifically the district court must intervene and adopt the magistrate judge's report and recommendation prior to entering judgment. Because of that action, the subsequent entry of judgment does not cure the premature filing of the notice of appeal. Okay. We know that. So how do you get out from under that? We get out from under that, Your Honor, in that the Eberhardt decision, although not dealing specifically with Rule 4 and the filing of a notice of appeal as in this case, it applies more generally in initially specifically holding that Rule 33, providing for the grant of a motion for new trial, that the 7-day time limitation for filing a motion. We really have read it. You have. Basically, the bottom line, Your Honors, is that Rule 4 is, although it's been referred to often in cases as jurisdictional, it is not. It's really a Rule 4 problem because it seems to me that what happened here was he filed an appeal from a non-final order. Right? And if nothing more had happened, Eberhardt would have nothing to do with this. Is that right? That's correct. Okay. So then what happened was there is an entry of judgment after that. Yes. What's the gap that fills in the fact that there has been — there are parts of Rule 4 that fill that gap in other circumstances, but they don't fill the gap in this circumstance. So why is this a Rule 4 problem? In other words, it's not really a timing problem. The problem is he filed an appeal from a non-final judgment, and there's nothing to cure that. But Eberhardt specifically holds, Your Honor, that rules like — rules pertaining to time periods, time limitations — Why is this a ruling pertaining to a time period? It's a rule that says you can't file — it's a statute that says you can't file an appeal from a non-final judgment. That's what he did. So what fixes that? Because it's — within the rule it specifies, I believe it's subsection B, specifies that although that you have to file within that time period, if you file — it specifically states if the notice of appeal is filed to — is submitted in response to or to appeal a non-appealable order, which is essentially what this is. It doesn't say that. It does not say that. It says that if the court has ruled but the judgment hasn't been entered, it's okay. But the court had not ruled. So that doesn't help. I was referring, Your Honor, to what is the excerpt that is — or the portion that is specified in the Serene decision, which is actually for a — for a subsection A-2, where it specifies that a notice of appeal filed after the announcement of a decision or order but before the entry of judgment. That didn't happen here. Got it. In what respect? It didn't happen here. There was no announcement of an order. The district court hadn't ruled yet. Actually — The district court had it. I'm sorry. Actually, once the notice of appeal was filed, the district court's order was probably invalid because the district court loses jurisdiction once the notice of appeal is filed. So probably there wasn't ever even a judgment. Except to the extent, Your Honor, that Rule 4 does specify that — and I'm aware that Your Honors are referring to the fact that an R&R is not the district court's order. But in cases where there is a reference to — in Habeas cases where there is a district court reference of the case to a magistrate judge under, I believe it's Section 636 of Title 28, in those cases, the district court basically, Your Honors, once a magistrate judge has issued a report and recommendation, except where there have been objections made to that report and recommendation, this court has stated time and time again that there's absolutely no requirement that the district court conduct any type of review whatsoever. So essentially, when there's no objection to the R&R, the district court's subsequent entry of an order and then subsequent entry of judgment in accordance with or adopting that R&R is, in effect — I don't know that — But then we have another problem, which is that's an interesting view and a possible one, but it's not the one that we took in the Serene case. Right? That's true. And so our other problem is in order to decide anything different in the Serene case, we would have to believe that Eberhardt was sufficiently on point that we as a three-judge panel could simply say that it had overruled Serene. And what would be the basis for that? That's true. And I respectfully would ask that that's what the panel do, what the Court do in this case. And the Eberhardt case does get specific towards the end of its decision in specifying that rules — and I can quote the language — but basically that rules that pertain to requirements of a time — rules that — court rules that specify — and these are rules within the Federal Rules of Appellate Procedure — that specify a time period within which one must act in order to obtain any form of review on what is sought to be reviewed. Those time-imposing types of rules do not, unlike what the Court has held in prior cases, Serene and whatnot, do not implicate subject-matter jurisdiction, although — What does that mean? It makes a difference in that because as the Court specified, the Supreme Court referred to them, these rules instead are not subject-matter jurisdiction. They are claim-processing rules. It makes that kind of jurisdiction, of course. But what that case was dealing with was a situation where the district court had decided to go ahead and decide it despite the rule, and the other side hadn't objected, so the Court said, tough luck. But why should we waive the rule, even if that's true? Why should we say, nope, we're going to decide it despite the rule? Why don't we just enforce the rules as they're written? Because as the Supreme Court — It doesn't have to be jurisdiction for us to enforce it. You understand? That is absolutely true, Your Honor. But as the Supreme Court stated, the right that is conferred as far as the ability to object or the defense of untimeliness or prematureness here is something that must be asserted in order to be preserved.  Yes, to be preserved, of course. But it did not say that the court itself, the district court, for example, had to go ahead and hear it. The district court chose to, and the other side hadn't preserved an objection. The Supreme Court did not say, if the district court said, I'm sorry, you didn't file this in time, I'm not going to hear it, that that would be error. That's true. It didn't even imply that. So if we say, in the Ninth Circuit at least, you better follow the rules or we're not going to hear it, that case has nothing to do with that. And by the way, Serene didn't say it was only jurisdictional. In fact, it didn't say we're dismissing. I think it was doing it for that reason, but it didn't use the word jurisdiction. You're correct, Your Honor. It did cite, however, it relied on cases, Ninth Circuit cases, and their subsequent as well specifying jurisdiction. That's right. But as to Your Honor's concern or Your Honor's, what Your Honor's just expressed, that's absolutely true. However, this Court issued a certificate of appealability. And as, in that regard, the, we're not dealing with the, we're not dealing with the situation of untimeliness. We're not dealing with something where a Petitioner, a situation where a Petitioner has filed something, you know, has himself not complied by untimely filing something. We're talking, obviously, about a premature. And in this case, the government or the Respondent never objected. This Court issued its certificate of appealability, and as the Court is aware of its long-existing law, this Court will not revisit whether or not the certificate of appealability was improvidently granted or not. And the Petitioner, to his detriment, you know, has gone ahead and has presented the merits to the Court, and it has been briefed and responded to. The Respondent had a chance to respond, and we're here at oral argument. And you haven't gotten your five minutes, but why don't you, we'll give you a little time for rebuttal. Thank you. Thank you. Good morning, Your Honors. May it please the Court. Deputy Attorney General Zamora-Costello appearing on behalf of the Respondent in this case. Respondent respectfully submits that despite our failure to recognize that the notice of appeal in this case was fatally premature, that in fact that matter cannot be forfeited because the Eberhardt case did not overrule the numerous other U.S. Supreme Court cases which have held that Rule 4 is a jurisdictional rule. In addition to that ---- Well, that's not true. I mean, the Eberhardt is full of Rule 4 cases that you can call addictive if you like, but they were relying squarely on a set of Rule 4 cases. Your Honor, I don't believe that in Eberhardt the Court expressly overruled those cases. And in addition, there are other U.S. Supreme Court cases which have squarely dealt with the matter of Rule 4. And in those cases ---- Again, why is this a Rule 4 problem exactly? I mean, it seems to me that it's a question of filing an appeal from a nonfinal judgment. And that is an additional problem, Your Honor. The problem for Petitioner is not only Rule 4, but it is also 28 U.S.C. Section 1291, which specifies that the court of appeals have jurisdiction from all final decisions of the district court. And in this case, we do not have a final decision from the district court. Well, we do now. We do now. However, this Court held in serene that the magistrate judge's reporting recommendation is not a final order from which a petitioner may appeal. And therefore, under Section 1291, there was no ---- the court has no jurisdiction over a nonfinal reporting recommendation. And I believe that that's been squarely resolved in serene. One other thing is to address some of the questions that Judge Fernandez was asking. You didn't simply not raise this. You affirmatively said that this was timely. That's correct, Your Honor. And that was a mistake. In this case, the notice of appeal was filed after the reporting recommendation, but before the order adopting it. And that's a regrettable mistake, and I do apologize to the court. However, if it is a jurisdictional matter, despite our failure to recognize ---- Okay, but if it weren't, wouldn't this be the classic case in which we would say ---- Eberhard says that the government forfeits. And if we were to craft a rule of when is the court going to enforce the rule anyway, wouldn't this be a classic case in which we wouldn't? Everybody relied on this. There was a COA issue. There were briefs filed. There were ---- We inquired into it. And then we discovered that you forgot something. So why should we worry about it? If it were not a jurisdictional matter, Your Honor, the court would be well within its discretion to decide that we had waived it. However, we respectfully submit that it is a jurisdictional matter, and therefore, despite our failure, the matter is not waived. At any rate, the serene is governing no matter what. That serene in part governs and that 28 U.S.C. Section 1291 governs and also 28 U.S.C. Section 2107 specifies that in a case of a civil appeal, the notice of appeal must be filed within the 30-day prescribed time. All of those statutes, in addition to in part Section 2253, all weigh in favor of non-forfeiture in this case. And Respondent respectfully submits that the issue cannot be forfeited and that the appeal should be dismissed for lack of jurisdiction. And as we also asserted in the briefs, there's also another jurisdictional matter pertaining to the claim on which the court purported to be ruling on the merits. Kagan. I have a very hard time seeing why that's jurisdictional. Courts do decide issues that were not necessary. He didn't dismiss the action. He had a case before him. And he had a very closely related issue to the ones that he had before him. What's jurisdictional about that? Well, Your Honor, as mentioned in the cases cited in the brief, once a party decides to voluntarily dismiss a claim even — No. There, there were parties that were being dismissed. All right? This is not a party and it's not the action. The parties are there. They're both before him. This is — it relates to the same set of facts. It's similar to a Rule 15 problem in which a question isn't raised in the pleadings, but the parties go ahead and decide it. Well, there — It might be a Rule 15 problem, but you didn't raise that. I don't see what's jurisdictional about it. No. And I believe it's more of a Rule 41 issue, because in this case, we filed a motion to dismiss, arguing that that claim was unexhausted. The district court or the magistrate judge agreed. He gave Petitioner all the options, even though they were not all required, including — I understand that. And there may be other things wrong with this. No. Wait just a minute.  Didn't the magistrate later decide that he had made a mistake and decide on the merits that issue that previously he had indicated was unexhausted? The magistrate indicated in a footnote that he thought that more recent Ninth Circuit cases somehow affected the way he had previously determined that matter. However, in fact, looking at the court's initial memorandum in order dismissing that one unexhausted claim, that appears to be an error on the part of the magistrate judge, because he, in fact, gave Petitioner all of his options, including the option to request a stay, to have the case obeyed, to go back to state court to exhaust, and to then return and seek to amend to add that now newly unexhausted claim. It looks like he didn't look at his prior order when he said, I made a mistake. That is possible, Your Honor, because, in fact — But didn't the magistrate then go ahead and decide on the merits, the very issue that he had previously ruled out in the case? That is what the magistrate purported to do. However, because it was Petitioner's choice to dismiss that unexhausted claim, and he made an informed choice in that regard, that claim was no longer before the court, and we respectfully submit that the court had no authority at that point, whether it be jurisdictional or general authority over claims that have now been dismissed, that the court had — Well, the Petitioner might have a complaint, but why do you have a complaint? Well, Your Honor, because that — there are two problems with the claim. Number one, it was dismissed on our motion. And number two, the motion was made on the basis of the fact that the claim was unexhausted. It was dismissed the second time, too. It was just dismissed on a different ground. So both times it was dismissed. So that's not your — so from your point of view, you don't have a problem. Your Honor, I think there is a general problem in the fact that the claim had been dismissed, but also it is unexhausted. And so — But that is allowed to do. That is specifically allowed to do by the statute. That is correct, Your Honor. If the claim were not dismissed, I would wholeheartedly agree that the court could deny the unexhausted claim. All right. Here's a sort of interesting question that I started thinking about. I don't suspect we're going to get to this issue in the case. But suppose we were to think — get over the problem, all the jurisdictional assertions, and we were to get to the point where we are considering on the merits this claim that was decided only because the district court thought it was frivolous. Suppose we were to decide it wasn't frivolous. What do we do then? Your Honor, the court — We decide on the merits? Do we remand it to get it exhausted? What do we do? The court could remand a claim that the district court thought was frivolous and ask the court to address the claim on the merits. Well, is that true? Or then we have an unexhausted claim being decided on the merits. Oh, if it's — I'm sorry. I misunderstood the Court's question. To the extent that the claim is unexhausted, then it would seem completely pointless to remand back to the district court for an adjudication of an unexhausted claim that this court may have disagreed was frivolous. And we find ourselves in a — in a very procedural, messy situation in that regard because that is similar to exactly what we have here. The claim was unexhausted. The court went ahead and denied it, even though it had previously dismissed it. And there are some inconsistent legal principles that would apply. One is that no relief can be granted on an unexhausted claim. And so — So basically what we would be doing is we wouldn't be reversing on the merits. We would only be reversing on the frivolousness determination. And then we'd get into — then the district court would then have to stay the proceedings, presumably, or make a decision whether to stay the proceedings to allow it to be exhausted. But she already did once. Right. Exactly. And we had already gone through that process, and the district court found the claim to be unexhausted, and the petitioner conceded that it was and withdrew it. So we respectfully submit that at the outset the appeal should be dismissed for lack of jurisdiction and that even if that could be bypassed somehow, which we respectfully submit it can't, that the court should find that the claim on which the district court adjudicated specifically, Claim 5, had been withdrawn by the petitioner in a voluntary manner and that the district court had no authority to adjudicate that. But it wasn't entirely voluntary, was it? He was told that if he didn't withdraw it, they'd throw the whole thing out. No, Your Honor. That's not exactly the way that it was explained to the petitioner. He, in fact, was given the gamut of options. You can dismiss your entire petition, but the magistrate judge informed the petitioner that he, in fact, may very well be untimely if he were to do that and try to come back. The magistrate gave him the additional option of striking only the unexhausted claim and proceeding on the exhausted claims, and he gave him the option, in addition to all of that, of the stay-in-the-bays procedure. And so the petitioner had a number of different options. It wasn't simply all or nothing. And one last question. There was a footnote in one of the briefs, I think yours, suggesting that the amended complaint was never filed and that that could have been the source of the confusion here. Is that possible? Your Honor, in this case, the filing of the amended petition itself does not appear on the docket. I did receive a copy of an amended petition prepared by the petitioner, and the court in an order simply said, ground five is withdrawn and then ordered our office to respond to the remaining one through four and six. So, and in the important recommendation, the magistrate judge said that the court had deemed five withdrawn and deemed it stricken from the petition, but it doesn't appear that the actual document itself was made part of the docket and filed. I see. Okay. Thank you very much, counsel. Thank you, Your Honor. We'll give you a minute or so in rebuttal if you have something to say. Your Honor, on that last point, however, I would submit that the fact that the amended petition was not filed, technically, there, therefore, was no withdrawal before the court, and the court's consideration, despite its order specifying that claim five is dismissed, the operative petition was the petition with claim five. And here, specifically, claim five, as Your Honors are aware, is a claim that the cumulative effect of each of the individual instances of prejudicial conduct or prosecutorial misconduct, which were considered individually and addressed individually. In light of the fact that it's a, the claim five is as to the cumulative effect on Your Honor's inquiry of respondent's counsel earlier, again, I would also submit that it is appropriate for this court to review, were the court to find, this court conducts a de novo review of the denial of the habeas petition. And the issue before the court, the cumulative effect of prosecutorial misconduct and whether that violates constitutional rights to due process. But in the long run, the statute's very clear that no relief can be granted if there hasn't been exhaustion. So what would we do if we were to determine the merits merits as opposed to the frivolous merits, and remand, you'd still have to have exhaustion, no? That's correct, Your Honor. You still would. I think that it's evident from the court of appeals. And is there any, honestly, this is a very strange case. Is there any possibility at this point that he can exhaust and not run into a terrible time problem? Not very likely, unless there was some form of tolling applied, obviously. Not only that, didn't he actually drop this issue from, isn't this really a procedural bar case? Didn't he actually raise this issue originally and then drop it in his petition to the California Supreme Court? It was before the court of appeals, right? So is California even arguably going to entertain a petition at this point for habeas when he already raised it and it was already essentially final in State court? But would that, in essence, then, Your Honor, actually constitute exhaustion? I'm sorry? Would that perhaps even constitute exhaustion? It might constitute exhaustion, but it would then raise a procedural bar. For failure to raise that, even though it is specifically a Federal claim, independent, the due process, cumulative effect, due process, Doyle? I don't know. But it may be that it's actually officially exhausted. Perhaps. But no one's been arguing about that. And so in final, Your Honors, I would just ask that the court consider the manifest injustice that would result to the petitioner once we've gotten this far as we have and the Federal claim before the court, a due process constitutional violation, is one which is, we believe, a strong claim and we ask that the court consider it. Thank you, Your Honor. Thank you. The case of Demarest v. Garcia is submitted.
judges: Fernandez, Berzon, Panner